## Miller v. Miller

*Robert W. Geigley,* for plaintiff.

MacPHAIL, P. J., May 17, 1973.—In this case, the master has recommended that a divorce a.v.m. be granted to plaintiff on the grounds of indignities and desertion. The testimony in the case is sufficient to support the master's findings.

As will be noted in the caption of this case, defendant's name is set forth as "Melvin D. Miller." At the hearing before the master, plaintiff was asked to give her husband's full name. Her reply was "Melvin David Miller, Jr." Plaintiff then stated that Melvin David Miller, Jr., was the same as defendant in this action. The record shows that service of the complaint was made upon "Melvin D. Miller." Notice of the master's hearing was sent by certified mail to "Melvin D. Miller" and the return receipt is signed "Melvin D. Miller." Plaintiff did testify, however, that the signature on the return receipt was that of her husband. Nevertheless, it is entirely conceivable that a Melvin D. Miller, Sr., exists and may even reside at the same address as Melvin D. Miller, Jr.

In the past, we have had to rule upon some "name problems" in divorce actions. See Swope v. Swope, 47 D. & C. 2d 40 (1969); Emory v. Emory, 47 D. & C. 2d 520, 11 Adams 31 (1969); Buterbaugh v. Buterbaugh, 54 D. & C. 2d 751 (1972). In the Buterbaugh case, we set forth the reasons why the correct name should appear in the proceedings. They need not be repeated here.

The question remains as to whether this kind of name problem can be amended under Pennsylvania Rule of Civil Procedure 1033. This is not a situation where there is incorrect spelling or incorrect given names. This may very well be a case of different identities.

To exclude the possibility of error, we will remand the case to the master for further hearing wherein

plaintiff may produce testimony to show that Melvin D. Miller and Melvin D. Miller, Jr., are one and the same person; that is, that Melvin D. Miller, Sr., does not exist or, if he does exist, he resides outside the county or in some other location where he could not possibly be confused with defendant. In this respect, the testimony of the sheriff may also be required to assure that it was plaintiff's husband who was served with the complaint. Plaintiff will also be given leave to file an amended complaint which correctly sets forth the names of the parties to the action.

## ORDER OF COURT

And now, May 17, 1973, the within matter is referred back to the master for further proceedings consistent with the foregoing opinion. Plaintiff is granted leave to file an amended complaint within 20 days from the date of this order.